IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

LYNN KREHBIEL (deceased),

    *Defendant.*

vs.

DELAWARE CHARTER GUARANTEE
AND TRUST COMPANY d/b/a
PRINCIPAL TRUST COMPANY,
Attn: Law Department
711 High Street
Des Moines, IA 50392,

    *Garnishee,*

vs.

AMANDA McCUNE,

    Movant.

Case No. 05-10117-EFM

# MEMORANDUM AND ORDER

Before the Court is Interested Party Amanda McCune's Objection (Doc. 28) to the Writ of Continuing Garnishment. McCune asserts that the death of the debtor affects the validity of the garnishment. For the reasons stated below, the Court overrules the objection.

### I.     Factual and Procedural Background

In 2005, Lynn Krehbiel was charged with two counts of making, uttering, or possessing a forged security in violation of 18 U.S.C. § 513. As a result of a plea agreement, the Court entered judgment against Krehbiel and ordered the following criminal monetary penalties: a $200.00 special assessment and restitution in the amount of $176,239.03 payable to Lonestar Cemetery Association. The government filed a notice of lien in the amount of $176,439.03 in the Register of Deeds office in Johnson County, Kansas, on December 16, 2005. As of December 31, 2020, a balance of $140,445.53 remains outstanding.

The government filed an Application for Writ of Continuing Garnishment on September 22, 2020, as to the garnishee, Delaware Charter Guarantee and Trust Company, d/b/a Principal Trust Company ("Garnishee"). A Writ of Continuing Garnishment was issued and served upon the Garnishee. The Garnishee filed an Answer, stating that it had custody, possession, or control of property belonging to Krehbiel in the form of a 401(k) retirement plan valued at $47,205.60. After mailing notice to and receiving no response from Krehbiel within the statutory time frame, the government moved for a Garnishee Order, and the Court granted the order on November 3, 2020.

On November 17, 2020, the government learned that Krehbiel had passed away on October 5, 2020. Upon Krehbiel's death, the beneficiaries of Krehbiel's 401(k) plan were to receive a percentage of the funds in the account. The beneficiaries of the plan are Amanda McCune and Christi Jo Rush. Upon learning such information, the government moved to set aside, and the Court did set aside, the Garnishee Order. The government then filed a Notice of Garnishment to Interested Parties and served it upon McCune and Rush. The notice stated:

> You are further notified that unless within twenty-one (21) days from the date of this Notice, or December 30, 2020, you file a written objection to the Answer and request a hearing, a Court Order will be entered attaching the funds or property and the funds or property will be applied against the judgment owed the United States of America by Defendant Lynn Krehbiel.

Copies of the Writ of Continuing Garnishment, Instructions to Debtor, and the Answer were served with the notice to McCune and Rush. The Instructions to Debtor contained a checkbox to request a hearing.

McCune filed an Objection (Doc. 28) on December 30, 2020, stating, "It is my understanding that upon my father's death, the garnishment should no longer be valid." The government filed a Response to Objection, requesting that the Court overrule the Objection and find that the government has an interest superior to that of McCune and Rush.

## II.     Analysis

**A.     The 401k plan is subject to garnishment.**

If a criminal judgment imposes a fine, the government may enforce the judgment in accordance with the practices and procedures for the enforcement of a civil judgment under federal or state law, including garnishment.[1] To satisfy a judgment, "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor . . . ."[2] The only property exempt from garnishment is property exempt from levy for taxes under § 6334 of the Internal Revenue Code.[3] Here, the property is a 401(k)

---

[1] 18 U.S.C. § 3613(a); *United States. v. Holcomb*, 2012 WL 5306257, at *2 (D. Kan. 2012).

[2] 28 U.S.C. § 3205(a).

[3] 18 U.S.C. § 3613(a)(1).

retirement plan, and since retirement plans are not listed as exempt under § 6334 of the Internal Revenue Code,[4] the retirement plan is subject to garnishment.[5]

**B.      Death of the debtor does not affect the garnishment's validity.**

Chapter 176 of Title 28 of the United States Code outlines the procedures for federal debt collection. Under § 3205(c), a garnishment is terminated only by (1) "a court order quashing the writ of garnishment"; (2) "exhaustion of property in the possession, custody, or control of the garnishee in which the debtor has a substantial nonexempt interest"; or (3) "satisfaction of the debt with respect to which the writ is issued."[6] McCune asserts that Krehbiel's death invalidates the garnishment of the 401(k) plan, but § 3205 does not list death as a factor terminating a garnishment. Further, while liability to pay a fine terminates upon the death of the individual fined, the liability to pay restitution does not terminate upon the death of the person ordered to pay restitution.[7] The responsibility of the unpaid restitution balance transfers to the deceased individual's estate.[8] Here, Krehbiel was the person ordered to pay restitution. Because he is deceased, the responsibility for the unpaid balance of the restitution falls on his estate.

Additionally, there are no grounds for the Court to terminate the garnishment. Because Krehbiel's property has not been exhausted and the debt has not been satisfied, the only method left to terminate the garnishment is a court order that quashes the writ of garnishment. McCune

---

[4] *See* 26 U.S.C. § 6334(a)(1)-(12).

[5] *See also United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007) ("In sum, the treatment in § 3613(a) of other federal statutory anti-alienation provisions indicates that Congress intended to override ERISA's anti-alienation provision and allow the government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal restitution orders.").

[6] 28 U.S.C. § 3205(c)(10)(A)-(C).

[7] 18 U.S.C. § 3613(b).

[8] *Id.*

has not moved to quash the writ of garnishment, but even if she had, issues under consideration for a motion to quash are limited to (1) "the probable validity of any claim of exemption *by the judgment debtor*"; (2) "compliance with any statutory requirement for the issuance of the post judgment remedy granted"; and (3) if the judgment is by default, "the probable validity of the claim for the debt which is merged in the judgment" and "the existence of good cause for setting aside such judgment."[9]  Here, the judgment debtor, who may claim an exemption, is deceased, and additionally, McCune has not alleged any exemption.  McCune has also not alleged issues with compliance with statutory requirements for issuing the writ, and there was no default judgment.  Therefore, there is no basis for the Court to consider quashing the writ of garnishment.

**C.     The Court need not provide a hearing to McCune regarding her objection.**

Chapter 176 of Title 28 of the United States Code specifies that a complaint, notice, writ, or other process required to be served shall be served in accordance with the Federal Rules of Civil Procedure.[10]  Two additional sections give more insight on service and process.  28 U.S.C. § 3205 (the "Garnishment Section") specifies that the government shall serve the *garnishee* and the *judgment debtor* with a copy of the writ of garnishment, along with instructions to the garnishee to answer, and instructions to the judgment debtor for objecting to the garnishee's answer and for obtaining a hearing on the objections.[11]  Interested persons, such as beneficiaries, are not listed as persons required to receive service in the Garnishment Section of the statute.  However, 28 U.S.C. § 3202 (the "Enforcement Section") provides that "[a] copy of the notice and a copy of the application for granting a remedy under this subchapter shall be served . . . on each person whom

---

[9] 28 U.S.C. § 3202(d)(1)-(3) (emphasis added).

[10] *Id.* § 3004(a).

[11] *Id.* § 3205(c)(3)(A)-(B) (emphasis added).

the United States, after diligent inquiry, has reasonable cause to believe *has an interest in property to which the remedy is directed.*"[12]  Courts considering this interested persons provision have determined it implies that "nonparties . . . may participate in the collection proceedings for the purpose of asserting their interest in the property."[13]

Both the Garnishment Section and Enforcement Section provide for an opportunity to be heard.  The Garnishment Section allows the judgment debtor or the government to file a written objection to the garnishee's answer and to request a hearing within 20 days after receipt of the garnishee's answer.[14]  Additionally, the Enforcement Section states, "[b]y requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy."[15]  If a hearing is requested, the court issuing the order is to hold a hearing as soon as practicable, or "if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible."[16]  This hearing is limited to consideration of the issues for a motion to quash: the validity of claims of exemption, compliance with statutory requirements, and issues regarding default judgment.[17]

Here, McCune did not request a hearing when filing her Objection.  The government informed McCune in the notice that along with a written objection, McCune needed to request a hearing. The government also provided to McCune the Instructions to Debtor that explained the

---

[12] *Id.* § 3202(c) (emphasis added).

[13] *United States v. Kollintzas*, 501 F.3d 796, 801 (7th Cir. 2007); *see also United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012) (citing *Kollintzas* and following the case's rationale regarding the interested persons provision).

[14] 28 U.S.C. § 3205(c)(5).

[15] *Id.* § 3202(d).

[16] *Id.*

[17] *Id.*

hearing procedure, but McCune still did not request a hearing. Both the Garnishment Section and the Enforcement Section specify that a court will hold a hearing, if requested. Without requesting a hearing, the Court does not need to provide one to McCune.

The Court does have discretion on its own initiative or upon motion by an interested party, to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under [Chapter 176]."[18] But here, the interested party, McCune, did not file such a motion. And, while the Court can act on its own, McCune's objection does not raise a basis that questions the validity of the writ, as her only basis—the death of the debtor—does not terminate the writ of garnishment.

### D. Conclusion[19]

McCune, as an interested party, can participate in the proceedings to assert her interest in the property subject to garnishment. The Court, however, need not hold a hearing to rule on her objection because the statutes require that she request one, and she made no such request. Additionally, while the Court has discretion to act on enforcement procedures, McCune did not raise a valid basis that affects the Writ of Garnishment. Contrary to McCune's assertion, death of the debtor does not affect the validity of the garnishment.

---

[18] *Id.* § 3013.

[19] The government requested in its Response to Objection for the Court to find the interest of the government superior to that of the interested parties. The government asserts that the Writ of Garnishment attached all funds in the 401(k) plan at the time of service of the Writ of Garnishment on the Garnishee, which was prior to Krehbiel's death. The government further asserts that because of the attachment occurring prior to Krehbiel's death, the interest of the beneficiaries is junior to that of the government. The Court need not address the issue at this time because McCune's objection does not invalidate the garnishment.

b

**IT IS THEREFORE ORDERED** that Interested Party Amanda McCune's Objection (Doc. 28) is **OVERRULED.**

**IT IS SO ORDERED.**

Dated this 15th day of March, 2021.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE